THE PEOPLE OF THE CITY OF NEW YORK on the Complaint of ARCHIBALD E. RILEY, Plaintiff, v. HENRY W. ROHDE, Defendant.

City Magistrates' Court of New York, Municipal Term, Borough of Brooklyn, August 10, 1934.

*Benjamin Rosen, Assistant Corporation Counsel,* for the plaintiff.

*Henry W. Rohde,* defendant, in person.

AURELIO, City Magistrate. The complaint herein charges that on July 20, 1934, the defendant did unlawfully and willfully store and keep gasoline on board a boat named " Sadie R " lying in the water at the foot of Flatbush Avenue, one thousand feet west of Rockaway Inlet, borough of Brooklyn, city of New York, without a permit from the fire commissioner, as required by chapter 10, article 8, section 113, of the Ordinances of the City of New York. It is conceded on both sides that the boat was in navigable waters within the limits of the city of New York.

The evidence shows that the defendant is engaged in transporting and selling gasoline in and about Rockaway Inlet, and at the time and place set forth in the complaint, a delivery of gasoline was made from his boat, the " Sadie R," into a motor boat.

The defendant contends that the boat being in navigable waters, the city of New York has no jurisdiction in the matter, because he has a license from the United States Department of Commerce, Bureau of Navigation (Defendant's Exhibit " A "), licensing the said boat for the " coasting trade." Defendant's contention is based upon the claim that all navigable waters are under the control of the United States for the purpose of regulating and improving navigation. As to this proposition of law, there can be no dispute. (See *Gibson* v. *United States,* 166 U. S. 269; 17 Sup. Ct. 578.)

However, in my opinion, the police power of the State extends to all navigable waters within its limits, provided it does not interfere with the power of Congress to regulate navigation and commerce with foreign nations and among the several states. True, Congress may do many things with respect to navigable waters (*Little Falls Fibre Co.* v. *Ford & Son, Inc.,* 249 N. Y. 495, 505), but by this same authority it would seem that the United States Government, by the issuance of the license held by the defendant, merely authorized the defendant to navigate the waters in question. The license,

no doubt, is subject to the defendant complying with such conditions as the city and state may impose, provided such conditions do not interfere with the right of navigation.

The ordinance in question deals with fire prevention, and therefore, is a proper exercise of the police power of the State, and since it in no way interferes with the power of Congress to regulate and improve navigable waters within the limits of the city of New York, the failure of the defendant to procure a permit from the fire commissioner of the city of New York constitutes a violation thereof.

The defendant, therefore, is found guilty.